**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
JOSEPH WENDELL DAVIS          :   Civ. No. 3:14CV00494(AWT)
                              :
v.                            :
                              :
SSC DISABILITY                :
SERVICES, LLC                 :   May 22, 2015
                              :
------------------------------x
```

**MEMORANDUM OF CONFERENCE AND ORDER GRANTING MOTION TO COMPEL**

On May 22, 2015, the Court held on the record a telephonic discovery conference. Pro se plaintiff Joseph Wendell Davis ("plaintiff") and counsel for defendant SSC Disability Services LLC ("defendant"), John Gerard Stretton, participated in the conference.

As stated on the record, the Court GRANTS defendant's motion to compel [Doc. #28]. Plaintiff's full discovery compliance, including responses to the discovery requests and document production, shall be made by in-hand delivery or electronic means, by **May 27, 2015 at 2:00PM**. Absent the filing of a protective order by plaintiff, his deposition, noticed for May 29, 2015, will proceed as scheduled. Defendant will file a status report by the close on business on May 29, 2015, regarding the status of plaintiff's discovery compliance.

The Court advised plaintiff of the potential ramifications for failing to comply with the Court's discovery orders under

Rule 37 of the Federal Rules of Civil Procedure. The Court further advised plaintiff of the need to familiarize himself with the local and federal rules of civil procedure, including the requirement that parties meet and confer before involving the Court in a discovery dispute.

Finally, the Court reminds the parties that **discovery is set to close on June 3, 2015**. [Doc. #25]. The parties are directed to contact chambers, after a meet and confer as prescribed by D. Conn. L. Civ. R. 37(a), if any further discovery issues arise.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, this 22nd day of May 2015.

_____/s/_____
SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE